I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 6-23-08

DEPUTY CLERK



FILED
JUN 23 2008
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| KATRINA MULHOLLAND, <br><br> Petitioner, <br><br> v. <br><br> TINA HORNBECK, Warden, <br><br> Respondent. | Case No. EDCV 08-0823-ABC (MLG) <br><br> MEMORANDUM AND ORDER DISMISSING MOTION TO TOLL TIME TO FILE PETITION WITH LEAVE TO AMEND |

Petitioner, a California state prisoner, filed this Motion to Toll Time for Writ of Habeas Corpus on June 18, 2008. It is unclear whether Petitioner is attempting to file a petition for writ of habeas corpus and a request for a stay of proceedings, or is seeking an extension of time to file a petition for writ of habeas corpus. If this is a petition for writ of habeas corpus, it suffers from the following deficiencies:

- There is no clear statement of what conviction, sentence or action petitioner challenges and when it occurred;
- There is no information regarding the state appellate history of petitioner's case and no indication of whether or not he has exhausted available state remedies regarding his claim(s);

- There is no statement of what claims Petitioner seeks to raise.
- There is no statement of why a stay or proceedings is necessary or warranted under the law.

On the other hand, if Petitioner simply seeks an extension of time in which to file a petition, the request must be dismissed. The timely filing of a federal habeas petition is not jurisdictional, but rather is subject to equitable tolling if extraordinary circumstances beyond a petitioner's control make it impossible to file a petition on time. *See, e.g., Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999). However, the Court concludes that a motion to extend time to file a petition must be denied and the matter dismissed without prejudice for the following reason.

Petitioner's request in effect seeks an advisory opinion as to whether petitioner's federal habeas petition will be time-barred (a) if the petition is filed at some unspecified date in the future which may or may not be within the one-year limitation period, and (b) if the State then raises the time bar issue as a defense. Thus, the motion seeks relief which the Court could not grant without violating the "case or controversy" requirement of Article III, Section 2 of the United States Constitution. *See In re Brockett*, 2006 WL 1329675 (N.D. Cal. 2006); *In re Burgess*, 2001 WL 603609 (N.D. Cal.); *Wawak v. Johnson*, 2001 WL 194974, *adopted*, 2001 WL 290526 (N.D. Tex.); *In Re Watson*, 1997 WL 487431, *1 (N.D. Cal.); *see also United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000)(holding that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition actually is filed); *United States v. Clarke*, 1998 WL 91069, *1 (D. Conn.)(denying request for extension of limitations period to file § 2255 motion); *Application of Wattanasiri*, 982 F.

Supp. 955, 958 (S.D.N.Y. 1997)(same).

    Based on the above-noted deficiencies, the petition is DISMISSED with leave to amend. Petitioner may file a "First Amended Petition" not later than 30 days from the date of this order. To that end, the Clerk is instructed to send to petitioner with this order a copy of the latest version of form Civ 69 - Petition for Writ of Habeas Corpus by a Person in State Custody, pen-changed to reflect "First Amended" Petition. Petitioner is advised that no attachments may accompany the First Amended Petition except for a SINGLE page inserted behind page 6 of the form, if required. **Petitioner is further advised that if she fails to file a First Amended Petition in accordance with the requirements of this order, the action will be subject to dismissal without further notice.**

Dated: June 23, 2008

Marc L. Goldman
United States Magistrate Judge