O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KATRINA MULHOLLAND, | Case No. EDCV 08-00823-MLG |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| v. | |
| TINA HORNBECK, Warden, | |
| Respondent. | |

**I. Facts and Procedural History**

This is a pro se petition for writ of habeas corpus filed by a state prisoner under 28 U.S.C. § 2254.[1] The pleadings show that on July 21, 2006, following a negotiated guilty plea, Petitioner was convicted in the San Bernardino County Superior Court of voluntary manslaughter and kidnapping, with an enhancement for knowing that a principal was personally armed with a firearm, in violation of California Penal Code §§ 192(a), 207(a) and 12022(d). On August 18, 2006, Petitioner was sentenced to a term of 12 years in prison, in accordance with the terms of the plea agreement.

---

[1] The parties have consented to this Court's exercise of civil jurisdiction pursuant to 28 U.S.C. § 636(c).

Petitioner did not seek direct review of the conviction and sentence. However, on May 17, 2007, Petitioner constructively filed a motion for modification of sentence in the San Bernardino County Superior Court.[2] Petitioner alleged that her sentence to the upper term of 11 years on the manslaughter conviction, without submission of the aggravating factors to a jury, was unconstitutional under the recent United States Supreme Court decision in *Cunningham v. California*, 549 U.S. 270 (2007).[3] The superior court denied the motion on May 29, 2007.

On August 27, 2007, Petitioner filed a petition for writ of habeas corpus in the San Bernardino County Superior Court. (Lodgment 5.) The petition was denied on September 19, 2007. (Lodgment 6.) On September 30, 2007, Petitioner filed a habeas corpus petition in the California Court of Appeal, which the court denied on November 15, 2007. (Lodgments 7, 8.) Petitioner then filed a habeas corpus petition in the California Supreme Court on November 25, 2007, which the court denied on February 28, 2008. (Lodgments 9, 10.) All of these petitions challenged the imposition of the upper term sentence based on the *Cunningham* decision.

It appears that on March 19, 2008, Petitioner filed a document

---

[2] Under the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 276 (1988), a *pro se* prisoner's habeas corpus petitions are deemed filed when they are delivered to prison officials for mailing. For purposes of this opinion, the Court will deem the date that Petitioner signed all petitions and motions as their filing date. *See also Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

[3] There, the Supreme Court held that the imposition of an upper term sentence under California's three-tier sentencing scheme violated the defendant's Sixth and Fourteenth Amendment right to a jury trial because it "assigns to the trial judge, not the jury, authority to find facts that expose a defendant to an elevated 'upper term' sentence." *Id.* at 871.

entitled "Motion to Toll Time for Writ of Habeas Corpus" with this Court. Court records indicate that a deputy clerk construed the motion as one relating to a pending case and returned the document to Petitioner without filing, because it did not have a valid case number. Petitioner did not follow up with this filing. Instead, on April 28, 2008, she filed a petition for writ of *certiorari* in the United States Supreme Court, which the Supreme Court denied on October 6, 2008. *Mulholland v. California*, No. 07-11135, 2008 WL 2227352 (S. Ct. Oct. 8, 2008).

Meanwhile, on June 14, 2008, Petitioner filed a second "Motion to Toll Time for Writ of Habeas Corpus" with this Court. This time, the motion was given a case number, assigned to a district judge, and referred to this Court. On June 23, 2008, the Court dismissed the motion to toll time, finding that there was no subject matter jurisdiction to consider such a motion. Construing the petition as one seeking a writ of habeas corpus, the Court found that it was insufficient as a matter of law as there was no statement of the underlying conviction, no information concerning the state appellate history, and no allegation of the underlying facts or claims for relief. Petitioner was granted leave to file a petition for writ of habeas corpus correcting these deficiencies.

On July 29, 2008, Petitioner filed the current petition for writ of habeas corpus. Petitioner continues to claim that the trial court erred in sentencing her to the upper term sentence without a jury finding the aggravating factors to support such a sentence. On August 29, 2008, Respondent filed a motion to dismiss the petition, arguing that it is untimely. On September 22, 2008, Petitioner filed a "Motion to Grant Petition for Writ of Habeas Corpus," in which she

opposes the motion to dismiss.

In her opposition briefing, Petitioner contends that she is entitled to equitable tolling of the statute of limitations because 1) she was unable to access the law library during her first 60 days in prison custody; 2) the conditions in California prisons are crowded; and 3) she is not well educated in legal matters. Petitioner further claims that she is entitled to a period of statutory tolling that would render this petition timely. The matter is ready for decision.

**II. Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1),[4] was enacted on April 24, 1996, and applies to all federal habeas corpus petitions filed after that date. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997); *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). AEDPA amended 28 U.S.C. § 2244 to impose a one-year statute of limitations on federal habeas petitions by persons in custody pursuant to state court judgments. *See Patterson*, 251 F.3d at 1245; *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001). The one-year limitations period ordinarily runs from

---

[4] 28 U.S.C. § 2244(d)(1) states: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

4

"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002), *abrogation on other grounds recognized by Moreno v. Harrison*, 245 Fed. Appx. 606 (9th Cir. 2007). In California, the time for seeking direct review expires sixty days after the date of judgment. Cal. R. Ct. 8.308(a).

Because Petitioner did not seek direct review of her conviction, the limitations period began to run on October 17, 2006, 60 days after Petitioner was sentenced. Accordingly, Petitioner had until October 17, 2007, in which to timely file a petition for writ of habeas corpus. *See Patterson*, 251 F.3d at 1245. This petition was not filed until July 29, 2008. Absent some basis for statutory or equitable tolling of the limitations period, the petition is clearly untimely.

**A. Statutory Tolling**

AEDPA permits statutory tolling of the limitations period when a properly filed application, motion or petition for a post-conviction remedy is pending in state court. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A petition is "properly filed" if its "'delivery and acceptance are in compliance with the applicable laws and rules governing filings' in that state." *Bonner v. Carey*, 425 F.3d 1145, 1147 (9th Cir. 2005)(quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

In the absence of undue delay, an application for post-

conviction review is considered to be "pending" while the petitioner completes a "full round" of state collateral review. *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003)(citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)). A "full round" includes the reasonable intervals between a lower court's denial of a habeas petition and the filing of a subsequent petition at the next state appellate level, known as "gap tolling." *Id.* A round of collateral review is complete when the California Supreme Court's denial of the habeas petition is final. *Id.* at 820 (citing *Carey v. Saffold*, 536 U.S. 214, 220 (2002)). At that point, AEDPA's one-year statute of limitations again begins running.

Here, Petitioner filed a motion for modification of sentence on May 17, 2007, which was denied on May 29, 2007. Petitioner waited 90 days, until August 27, 2007, before filing a habeas corpus petition in the San Bernardino County Superior Court. Petitioner's "full round" of state habeas corpus review, beginning on August 27, 2007, with the superior court habeas corpus petition, ended on February 28, 2008, when the California Supreme Court denied her last petition.

At the time Petitioner filed her motion for modification, 212 days of the 365-day limitations period had passed, leaving 153 days before the statute of limitations expired. The Court will assume, without deciding, that the motion for modification comes within the definition of "post-conviction" review under 28 U.S.C. § 2244(d)(2), and that Petitioner is entitled to statutory tolling for the twelve days during which the motion was pending.

However, Petitioner is not entitled to gap tolling for the 90 days between the superior court's denial of her motion for modification and the filing of her first state habeas corpus

petition, because the motion for modification did not commence the "full round of review," and thus no petition was pending during that time. Moreover, Petitioner would not be entitled to tolling for the 90-day gap because the motion and petition were filed in the same court rather than the successive appellate level courts. *See Biggs*, 339 F.3d at 1048 (holding that gap tolling is appropriate during the intervals between a lower court decision and the filing of a new application in a higher court); s*ee also Evans v. Chavis,* 546 U.S. 189, 192-93 (2006); *Carey*, 536 U.S. at 223; *Delhomme*, 340 F.3d at 821.

Petitioner is entitled to statutory tolling for the entire period from August 27, 2007, to February 28, 2008, while she completed one full round of habeas corpus petitions in the California state courts. *See Carey*, 536 U.S. at 222-23. At the completion of this round of petitions, on February 28, 2008, Petitioner still had 63 days, until May 1, 2008, to file a timely federal habeas corpus petition.

On March 19, 2008, Petitioner submitted her first "Motion to Toll Time for Writ of Habeas Corpus" to this Court. As noted above, this document was not filed by the Court but instead was returned to Petitioner. Even if the Court had accepted the motion for filing, it still was not a valid habeas corpus petition and would not have tolled the statute of limitations.[5] *See Warren v. Harrison*, 244 Fed. Appx. 831, 832 (9th Cir. 2007). Such a motion seeks relief which the Court could not grant without violating the "case or controversy"

---

[5] It is also well established that tolling is not available for the time during which a habeas corpus petition is pending in federal court. *Duncan v. Walker*, 533 U.S. at 181-182; *Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002).

requirement of Article III, Section 2 of the United States Constitution. *See Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471 (1982); *Chairez v.* Adams, 2007 WL 1703750 (N.D. Cal. 2007); *In re Brockett*, 2006 WL 1329675 (N.D. Cal. 2006); *see also United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000)(holding that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition actually is filed).

Finally, as discussed above, Petitioner filed a petition for writ of *certiorari* in the U.S. Supreme Court on April 28, 2008, which was denied on October 6, 2008. That Court has explicitly held that the one-year limitations period for filing a federal habeas corpus petition is not tolled while a petition for writ of *certiorari* is pending. *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1082-84 (2007). Accordingly, Petitioner is not entitled to statutory tolling for the period of time during which her petition for writ of *certiorari* was pending in the United States Supreme Court.

Even applying all statutory tolling to which Petitioner arguably may be entitled, the limitations period expired on May 1, 2008. The petition in this case was not filed until July 29, 2008.[6] Absent the benefit of equitable tolling, the petition is untimely.

**B. Equitable Tolling**

Petitioner's claim of entitlement to equitable tolling is also without merit. AEDPA's limitations provision is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's

---

[6] For the reasons stated above, Petitioner's motion to toll time filed on June 14, 2008, could not be deemed to be a petition for writ of habeas corpus. Even if it were, it was still untimely.

8

control prevented her from filing a petition on time. *Harris v. Carter*, 515 F.3d 1051, 1055-56 (9th Cir. 2008); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Espinoza-Matthews v. California,* 432 F.3d 1021, 1026 (9th Cir. 2005); *see also Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002); *Miranda v. Castro,* 292 F.3d 1063, 1066-67 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Thus, in rare and limited circumstances, it is proper for a court to equitably toll AEDPA's statute of limitations. *See e.g., Miles*, 187 F.3d at 1107. Determining whether to apply the equitable tolling doctrine is highly fact specific, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews*, 432 F.3d at 1026 (quoting *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005)). Furthermore, the petitioner must demonstrate that she exercised "reasonable diligence" in attempting to file a habeas petition after the extraordinary circumstances began, lest the "link of causation between the extraordinary circumstances and the failure to file [be] broken." *Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner's lack of education, legal knowledge and expertise does not entitle her to equitable tolling. It is well established that a prisoner's educational deficiencies, ignorance of the law, or lack of legal expertise is not an extraordinary circumstance and does not equitably toll the limitations period. *See Rasberry*, 448 F.3d at 1154; *Fisher v. Ramirez-Palmer*, 219 F. Supp. 2d 1076, 1079 (E.D. Cal. 2002); *Eisermann v. Penarosa*, 33 F. Supp. 2d 1269, 1273 (D. Haw. 1999). While there is no question that Petitioner acted diligently and that her untimeliness is the result of a failure to comprehend

the arcane requirements of AEDPA, that is insufficient to warrant the application of equitable tolling.

Petitioner also has failed to demonstrate that her inability to access the law library during the first 60 days of her incarceration or the overcrowded conditions of the California prison system were extraordinary circumstances that prevented her from filing her petition on time. Notwithstanding those conditions, Petitioner deftly pursued her California state post-conviction remedies. The error that resulted in this untimely filing was made in March 2008, when Petitioner decided to file a petition for writ of *certiorari* with the United States Supreme Court rather than a habeas corpus petition in this Court. The lack of access to the law library during the first 60 days of her incarceration in August-October 2006 had no apparent bearing on that decision. Indeed, the *Cunningham* decision, upon which Petitioner bases her claim for relief, was not decided until January 22, 2007. Petitioner has not established an entitlement to equitable tolling.

**III. Conclusion**

For the reasons discussed above, the Court finds that the petition in this case was untimely filed and that Petitioner is not entitled to tolling for a period of time that would make this petition timely. It is **ORDERED** that the petition be dismissed with prejudice.

Dated: October 8, 2008

_____
Marc L. Goldman
United States Magistrate Judge